## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN L. RAY,                  :
                                :
        Petitioner         :
                                :       CIVIL NO. 3:19-CV-1107
    v.                     :
                                :       (Judge Caputo)
WARDEN SCOTT FINLEY,            :
                                :
        Respondent         :

## M E M O R A N D U M

Petitioner Steven L. Ray, a federal inmate, is incarcerated at the prison camp on the campus of the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania. Proceeding *pro se*, Mr. Ray has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks to challenge the validity of his sentence due to an "improperly calculated plea agreement". (ECF No. 1.) This matter is currently before the Court for initial screening as required by 28 U.S.C. § 2243. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), this Court must screen the Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

For the reasons set forth below, the Court will summarily dismiss Mr. Ray's Petition based on his presently pending motion to vacate filed pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of New York.[1]

---

[1] The Court takes judicial notice of Mr. Ray's criminal docket sheet in *USA v. Ray*, 6:15-cr-6004 (W.D. NY) available through the Administrative Office of the U.S. Court's Public Access to Court Electronic Records (PACER) system at https://www.pacer.gov/ (last accessed Nov. 7, 2019).

## I.    Background

In 2015, pursuant to a plea agreement with the United States, Mr. Ray plead guilty in the United States District Court for the Western District of New York to one count of mail fraud, 18 U.S.C. § 1341, and one count of forgery of treasury checks, 18 U.S.C. § 510(a)(2).  *United States v. Ray*, 713 F. App'x 20, 21 (2d Cir. 2017).  Prior to sentencing, Mr. Ray proffered a character reference letter "ostensibly written by J.L., a 'paraplegic young man' for whom Ray had previously given care."  (*Id.*)  The Government learned the letter was a forgery.  (*Id.*)  Undeterred Mr. Ray then "threatened and intimidated" J.L. to write a new character letter on his behalf.  (*Id.*)  These actions led to a second indictment and plea agreement with Mr. Ray pleading guilty to one count of obstruction of an official proceeding.  (*Id.*)  Although the applicable guideline range was 57 to 71 months, the sentencing court went above the Guidelines and sentenced Mr. Ray to 84 months' imprisonment on all counts.  (*Id.*)

On appeal Mr. Ray challenged various aspects of his sentence.  First, he challenged "the two-level vulnerable-victim enhancement to the obstruction charge" concerning his "bullying" behavior toward J.L.  (*Id.*)   Next, he claimed the sentencing court "failed to apply an acceptance of responsibility reduction".  (*Id.* at 22.)  Third, Petitioner challenged "the substantive reasonableness of his sentence" as it was above the Guidelines.  (*Id.*)  Finally, Mr. Ray argued the district court failed to address the mischaracterization of the Government's sentencing materials prior to sentencing.  (*Id.* at 23.)  On October 31, 2017, the United States Court of Appeals of the Second Circuit affirmed the judgement of the district court.  (*Id.*)

On February 7, 2018, Mr. Ray filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  *See USA v. Ray*, 6:15-cr-06004 (W.D. NY).  On September 3, 2019,

following the filing of multiple "supplements" to his original motion, the Government filed a response to Mr. Ray's motion to vacate.  (*Id.*)  Mr. Ray filed a Traverse on September 9, 2019.  (*Id.*)  His motion to vacate under 28 U.S.C. § 2255 is currently pending before the sentencing court.  (*Id.*)

In his § 2241 Petition filed with this Court, Mr. Ray challenges the validity of his sentence based on an "improperly calculated plea agreement."  (ECF No. 1 at 2.)  He claims the sentencing court erroneously inflated his sentence by six points.  First, he claims the sentencing court improperly gave him a 14-point enhancement based on the loss of money involved, over $400,000, even though the guidelines changed prior to his sentencing and called for only a 12-point enhancement.  (*Id.* at 6.)  Second, he claims he was "charged 4 points" due to the sentencing court's miscalculation of victims.  He claims there was only one victim, not fifty.[2]  (*Id.*)  Mr. Ray's third ground for relief is also based on the alleged "improper calculation of sentence plea."  (*Id.* at 7.)  Mr. Ray alleges "all facts show that Mr. Ray's plea which was the starting point of his sentence was improperly inflated by 6 points per the sentence transcript facts and communication".  (*Id.*)

Mr. Ray did not sign his Petition or suggest why he did not, or could not, pursue these claims in a properly filed Section 2255 motion.  (*Id.*)  Mr. Ray does not specify what form of relief he seeks from the Court.  (*Id.*)

---

[2] The Court notes that it is unclear whether Mr. Ray is referring to the sentencing court's determination as to the number of victims of his fraud scheme or the victim of his obstruction charge, J.L.  Nonetheless, the Court will not seek clarification of this issue as it does not impact the resolution of his Petition.

## II.    Discussion

The Court will summarily dismiss Mr. Ray's § 2241 Petition because his motion for relief pursuant to 28 U.S.C. § 2255 remains pending.

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C.] § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Yet, "to this limitation, Congress also provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Id.* (citations omitted); *see also* § 2255(e).[3]

The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) ). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. Rather, only when a federal prisoner is "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." *Bruce*, 868 F.3d at 179 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

---

[3]  If a petitioner previously has filed a § 2255 motion, he must apply for and receive permission from the appropriate court of appeals before filing a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3), 2255(h). A second or successive § 2255 motion must be based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The Third Circuit

> permits access to § 2241 when two conditions are satisfied:
> First, a prisoner must assert a "claim of 'actual innocence' on
> the theory that 'he is being detained for conduct that has
> subsequently been rendered non-criminal by an intervening
> Supreme Court decision' and our own precedent construing
> an intervening Supreme Court decision" - in other words,
> when there is a change in statutory caselaw that applies
> retroactively in cases on collateral review. [*United States v.*]
> *Tyler*, 732 F.3d [241,] 246 [ (3d Cir. 2013) ] (quoting
> *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must
> be "otherwise barred from challenging the legality of the
> conviction under § 2255." *Id.* Stated differently, the prisoner
> has "had no earlier opportunity to challenge his conviction for
> a crime that an intervening change in substantive law may
> negate." *Dorsainvil*, 119 F.3d at 251.

*Bruce*, 868 F.3d at 180.

If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Fraser v. Zenk*, 90 F. App'x 428, 430 (3d Cir. 2004).

Here, Mr. Ray acknowledges that he filed a motion to vacate under 28 U.S.C. § 2255 in February 2018. (ECF No.1 at 4.) A review of the criminal docket in the Western District of New York confirms Mr. Ray's multiple amendments his motion to vacate, some that even post-date the filing of his present habeas petition. Most importantly, the criminal docket confirms the pendency of his motion to vacate. He therefore has failed to show that § 2255 is inadequate or ineffective to test the legality of his detention pursuant to the Western District of New York's conviction and sentence. *See Rashid v. Warden Phila. FDC*, 658 F. App'x 636, 638 - 39 (3d Cir. 2016) ("§ 2255 is not inadequate or ineffective where the petitioner still has the opportunity to file a timely § 2255 motion that is neither second nor successive."); *see also Samas v. Krulesie*, 530 F. App'x 107, 108 (3d Cir.

2013) ("the mere fact that [petitioner's] § 2255 motion has been pending … for over a year does not show that § 2255 is 'ineffective or inadequate.'")

### III.  Conclusion

The Court concludes that it lacks jurisdiction to grant relief under 28 U.S.C. § 2241 due to the pendency of Mr. Ray's motion to vacate filed pursuant to 28 U.S.C. § 2255 with the United States District Court for the Western District of New York.  Accordingly, the Court will summarily dismiss Mr. Ray's Petition (ECF No. 1) as well as all pending motions.

An appropriate order follows.


**Date:  November 7, 2019**                    /s/ A. Richard Caputo_____
                                               **A. RICHARD CAPUTO**
                                               **United States District Judge**